UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Josh Gibson,

    Plaintiff,

v.

Clossman Catering, LLC,

    Defendant.

Case No. 1:19cv263

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendant Clossman Catering, LLC's Motion for Partial Judgment on the Pleadings. (Doc. 7). Plaintiff filed a Response in Opposition (Doc. 9). Defendant filed a Reply. (Doc. 10).

Plaintiff originally filed this matter on October 25, 2018 in the Court of Common Pleas of Butler, County, Ohio. Plaintiff brought claims for discrimination pursuant to Ohio Revised Code § 4112 and wrongful termination in violation of Ohio public policy. On January 11, 2019, Plaintiff filed an amended complaint which added claims for discrimination and wrongful termination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (Doc. 7, PAGEID# 84). On February 15, 2019, Plaintiff dismissed his claims, without prejudice pursuant to Ohio Rule of Civil Procedure 41(A). Plaintiff re-filed his complaint in Butler County on March 20, 2019. (Doc. 4). This matter was removed to this Court on April 11, 2019. (Doc. 1).

Defendant moves for partial judgment on Plaintiff's Title VII claim (Count II) based on Plaintiff's failure to file his Title VII case within the required statutory period of 90 days after receiving his right-to-sue letter.

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

Upon receipt of the notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), a plaintiff has ninety days in which to bring a claim alleging violation of Title VII. 42 U.S.C. § 2000e–5(f)(1). Plaintiff received his right-to-sue letter from the EEOC on October 22, 2018. (Doc. 4, ¶¶ 9-12). Plaintiff recognizes that the second complaint he filed on March 20, 2019 is beyond the 90-day deadline for filing, but argues that the limitations period is subject to equitable tolling. Plaintiff explains that after he filed the amended complaint in the first state court action, Defendant's counsel contacted Plaintiff's counsel to inform him that she had not received a copy of Plaintiff's amended complaint.[1] Plaintiff explains that he dismissed the amended complaint in order to remedy the oversight. Plaintiff explains that the second, re-filed complaint filed in the state court included the same claims as contained in the amended complaint he voluntarily dismissed.

Federal courts have strictly enforced Title VII's ninety-day statutory limit. *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 (6th Cir. 2000). The

---

[1] In addition, Defendant points out that the amended complaint was filed without leave of court. (Doc. 10, PAGEID# 110). Plaintiff does not dispute that the amended complaint in the first state court action was improperly filed.

2

filing of a prior complaint does not toll the ninety-day period and the court cannot extend the time for filing. *Tate v. United Servs. Assocs., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003) (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)).

The ninety-day filing requirement is not jurisdictional; and therefore, a court may apply equitable tolling, which "'permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.'" *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (quoting *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1095 (6th Cir. 1996)). The factors to be considered in deciding whether equitable tolling should be applied are: the lack of actual or constructive knowledge of the issuance of the right to sue letter; the party's diligence in pursuing his rights; the prejudice to the defendant; and the reasonableness of the party's ignorance." *Watson v. Ohio Dep't of Rehab. & Correction*, 167 F. Supp. 3d 912, 930 (S.D. Ohio 2016), *aff'd*, 690 F. App'x 885 (6th Cir. 2017) (citing *Fort v. State of Ohio Dep't of Rehab. & Corr.*, 22 Fed.Appx. 494, 496 (6th Cir. 2001)).

However, this Court has ruled that when a Title VII claim is dismissed after the ninety-day limitation has expired, "there [is] no statute of limitations to toll." *Gex v. Toys "R" Us, Inc.*, No. C-3-06-338, 2007 WL 2852351, at *5 (S.D. Ohio Oct. 2, 2007); *Wallace v. Wheeling-Pittsburgh Steel Corp.*, No. 2:08-CV-261, 2008 WL 4347358, at *3 (S.D. Ohio Sept. 19, 2008) (same); *Fowlkes v. U.S. Nat'l Archive & Records Admin.*, No. 3:09-CV-006, 2009 WL 1687940, at *3 (S.D. Ohio June 15, 2009) ("Further, even if equitable principles were to be applied, the Court is aware of no instances where a statute of limitations that had already run had been tolled."); *see also Warith v. Amalgamated Transit Union Local Chapter 268*, No. 1:13 CV 985, 2013 WL 2443780, at *3 (N.D. Ohio

June 4, 2013), aff'd (June 5, 2014) ("In this case, the 90–day limitations period had already run as of the Court's dismissal without prejudice of Plaintiff's earlier action. Thus, even if Plaintiff were to present evidence that equitable reasons exist to excuse her failure to comply with the prerequisite for filing this lawsuit, Plaintiff's Title VII claim cannot be equitably tolled and must be dismissed."). Here, Plaintiff received his right-to-sue letter on October 22, 2018. The limitations period ran ninety days later, on January 20, 2019. Plaintiff did not dismiss his first state court action until February 15, 2019. Therefore, the statute of limitations for Plaintiff's Title VII claim had already expired and equitable tolling cannot apply.

Based on the foregoing, Defendant's Motion for Partial Judgment on the Pleadings (Doc. 7) is **GRANTED**. Accordingly, the Court dismisses Plaintiff's claim for discrimination in violation of Title VII (Count II) and Plaintiff's claim for wrongful termination (Count III) to the extent that claim is based upon Title VII.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                             JUDGE MICHAEL R. BARRETT